UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED JOHN SHEFFIELD,

        Petitioner,

                                 CASE NO. 14-10824

v.                                  HONORABLE ARTHUR J. TARNOW

LORI GIDLEY,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR APPOINTMENT OF COUNSEL (Doc. 8)

      Petitioner Alfred John Sheffield seeks a writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Sheffield's Wayne County conviction for second-degree murder, Mich. Comp. Laws §750.317.  Sheffield raises issues regarding the sufficiency of the evidence, his sentence, the prosecutor's conduct, and his attorneys' representation of him.  He also claims to have newly-discovered evidence that his co-defendant fabricated the evidence against him.  Respondent Lori Gidley urges the Court to deny the petition on grounds that Sheffield's claims lack merit or are barred by the doctrine of procedural default.

      Currently before the Court is Sheffield's motion for appointment of counsel. Sheffield alleges that he is unable to retain counsel, that the issues are complex, and that counsel would benefit both him and the Court.  Sheffield also claims that the interests of

<div style="text-align: right">*Sheffield v. Gidley*, No. 14-10824</div>

justice require appointment of counsel.

Sheffield has no absolute right to appointment of counsel in this habeas case. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). Appointment of counsel in a civil proceeding

> is justified only in exceptional circumstances. *See* [*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)]. To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.' *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987). *See also Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1185 (D.C. Cir. 1984).

*Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

The issues in this case are not particularly complex, and Sheffield has ably represented himself thus far. The Court therefore concludes that the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). The motion for appointment of counsel (Doc. 8) is **DENIED**.

|  |  |
|---|---|
|  | S/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: June 6, 2014 | Senior United States District Judge |

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 6, 2014, by electronic and/or ordinary mail.

<div style="margin-left: 40%">S/Catherine A. Pickles<br>Judicial Assistant</div>